UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SEAN D. GATES,

        Plaintiff,

        v.                          CAUSE NO. 3:25-CV-1025-PPS-AZ

JACKSON,

        Defendant.

OPINION AND ORDER

Sean D. Gates, a prisoner without a lawyer, filed an amended complaint raising claims about his dental cleaning at the Westville Correctional Facility on December 11, 2023. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gates alleges Dr. Jackson twice burned his lower lip with a dental instrument while cleaning his teeth. "[I]n the context of medical professionals, it is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012–13 (7th Cir. 2006). In the case of a "botched" medical procedure, to show more than negligence, a

plaintiff may allege the doctor "maliciously intended to cause [the plaintiff] pain or otherwise performed the procedure in a way that he knew would create a substantial risk of complications." *McGowan v. Hulick*, 612 F.3d 636, 641–42 (7th Cir. 2010). The amended complaint does not plausibly allege more than negligence or malpractice. Gates will not proceed against Dr. Jackson for burning his lip while cleaning his teeth.

Gates also alleges Dr. Jackson refused to examine the injury or treat it. Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the

inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is not clear Gates can demonstrate either a serious medical need or deliberate indifference, but I will allow the claim to proceed so he can attempt to do so.

It is also unclear whether he exhausted his administrative remedies before filing this lawsuit two years after this event occurred. Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Gates says he filed a grievance, and he attaches a copy of the final step of his grievance process. That exhibit shows he did not file a timely appeal. If Gates did not exhaust, this case will be dismissed, but I will wait until more evidence is presented to decide this question.

For these reasons, the court:

(1) GRANTS Sean D. Gates leave to proceed against Dr. Jackson in her individual capacity for compensatory and punitive damages for not examining or treating his burned lower lip on December 11, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Jackson at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (ECF 11);

(4) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Jackson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED:  June 15, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4